```
20 CV 001347
```

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                    FILED         SUPERIOR COURT DIVISION
ORANGE COUNTY                         20 CVS

                 2020 DEC 15  A 11:40

SHEUNG-WAH SHUEN,           )
a/k/a JULIA SHUEN,   ORANGE CO., C.S.C
            Plaintiff,      )
                   BY_____  )    COMPLAINT
                            )    [AOC: COMP]
v.                          )    JURY TRIAL DEMANDED
                            )
SATARUPA ROY, a/k/a         )
RUPA ROY,                   )
            Defendant.      )

    NOW COMES Plaintiff, by and through counsel, and complains of the Defendant as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is a citizen and resident of Orange county, North Carolina.

2. Upon information and belief Defendant currently resides in either North Carolina or California. Upon information and belief, as of the date this action is filed, Defendant is staying in Durham, NC.

3. Most of the acts described herein occurred in North Carolina.

4. Plaintiff is married to Mete Williford ("Husband"). Plaintiff and Husband grew up in Chapel Hill, NC; they met in middle school. They have been married since March 2010, and they have two (2) daughters.

5. At all times relevant to this action, Husband and Defendant were employed by Wells Fargo, which is a large banking institution with its corporate headquarters located in Charlotte, North Carolina.

6. Upon information and belief, as a part of their employment by Wells Fargo, both Defendant and Plaintiff's husband traveled to Charlotte, NC on a regular basis.

1

7. Upon information and belief, in or prior to December of 2019, Defendant met Plaintiff's husband in Charlotte while on a business trip.

8. As a result of Defendant's wrongful conduct, Plaintiff and her Husband separated in August, 2020.

## FIRST CLAIM FOR RELIEF
## ALIENATION OF AFFECTION

9. All preceding paragraphs are hereby realleged as though fully set forth herein.

10. Plaintiff and Husband had a supportive and loving marriage prior to the interference of the Defendant, with genuine love and affection existing between them.

11. Defendant, with actual knowledge of the marital relationship of Plaintiff and her Husband, willfully and intentionally enticed and alienated the affection of Plaintiff's Husband from the Plaintiff, and wrongfully and maliciously deprived the Plaintiff of the warmth, companionship, society, contributions (monetary and otherwise), and services of her Husband, without regard for the well-being of Plaintiff's marriage or family.

12. Plaintiff was a faithful, dutiful, and supportive wife who provided emotionally and financially (directly and indirectly by sacrificing her own financial and personal goals by staying at home and caring for the children and household), and prior to the acts of the Defendant, the couple maintained a loving and healthy home environment for themselves and their children.

13. During the marriage, Plaintiff and her Husband acquired significant property and wealth, which was used for the joint benefit of Plaintiff and Husband. Such wealth was the result of years of planning and money management by Plaintiff and Husband.

14. Beginning in or about December 2019, and continuing at least through the date of separation in August 2020, Defendant began a continued pattern of conduct whereby she

interfered with the loving marital relationship that existed between Plaintiff and Husband, and her actions subsequently induced Husband to effectively dissolve the marital relationship and eventually sue for divorce. Defendant's tortious actions included, but are not limited to:

a. Engaging in a romantic, personal, and sexual relationship with Husband prior to Husband's separation from Plaintiff;

b. Spending a great deal of time alone with Husband on business trips to Charlotte, NC and elsewhere, where, upon information and belief, Defendant engaged in intimate romantic relations with Husband;

c. Upon information and belief, encouraging Plaintiff's Husband to be cruel and vindictive toward Plaintiff, financially and otherwise;

d. Engaging in an ongoing series of communications with Husband via in-person discussions, phone, text, and/or email; both within and without North Carlina, in which, upon information and belief, Defendant encouraged Husband to leave the Plaintiff and continue the illicit relationship with her;

e. Upon information and belief, many of the sexual liaisons between Husband and the Defendant occurred in Charlotte, North Carolina, as did many of the communications, intimacies and other acts described herein, although upon information and belief, they also occurred elsewhere.

f. Upon information and belief, Defendant planned additional romantic and sexual liaisons with Plaintiff's Husband, both in Charlotte and elsewhere.

15. As a result of the acts of the Defendant described herein, Husband became alienated from Plaintiff. Plaintiff first became aware of this during Christmas of 2019, when Husband was

3

acting strangely – more distant and less responsive to Plaintiff and their children – and he was not coming home, but was "working" and staying away from home through the holidays. This unusual behavior continued into 2020.

16. At the time Plaintiff learned of her Husband's affair with the Defendant, she was pregnant with their third child. This pregnancy ended in a miscarriage.

17. As a result of the acts of the Defendant, Plaintiff has suffered significant damages, including but not limited to loss of support (emotional and financial), she has incurred costs, expenses and attorney's fees in connection with her separation from Husband, she has suffered injury to her emotional health and welfare, private and public humiliation, and her marital and family relationships have been damaged and/or destroyed. As a result of such injuries, Plaintiff has suffered damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

18. The love and affection in the marriage between Plaintiff and Husband was completely destroyed by Defendant's actions.

19. The family life of Plaintiff and her Husband, as well as that of their children, was destroyed by Defendant's actions.

20. Defendant was aware of the effect and impact of her conduct on Plaintiff; however, Defendant persisted in conduct that was designed to seduce Plaintiff's Husband and alienate his affection from Plaintiff.

21. In or about February 2020, Plaintiff called the Defendant at her work, to ask that she end the affair. Defendant replied (either verbatim or close): "I don't care about your daughters and I will not stop wrecking your home."

22. On or about July 30, 2020, Defendant sent a text message to Plaintiff, Plaintiff's Husband, and her own husband which stated, *inter alia*, that she and Plaintiff's husband "never used condoms" when they were having sex. In that same text message, she stated that "[Plaintiff] can continue with her imaginary marriage and love . . . . It's laughable."

23. In that same text message, Defendant stated (falsely) to her own husband that Plaintiff had "cheated on" her Husband years prior with Mattew Pulley. This statement was completely false.

24. Defendant regularly and systematically interfered with Plaintiff's, and her Husband's efforts to heal their marriage and stay married.

25. Defendant's actions were outrageous, reckless, cruel, willful and wanton, and Plaintiff has been injured thereby.

26. As a result of the aforesaid, Plaintiff is entitled to recover damages in excess of Twenty-Five Thousand Dollars ($25,000.00) from Defendant.

## SECOND CLAIM FOR RELIEF
## CRIMINAL CONVERSATION

27. All preceding paragraphs are hereby realleged as though fully set forth herein.

28. Upon information and belief, Defendant engaged in one or more (and upon information and belief, quite a few more) acts of sexual intercourse with Plaintiff's Husband prior to his separation from Plaintiff, and such acts have caused Plaintiff to suffer loss of support, incurred costs, expenses and attorney fees; they have caused Plaintiff to suffer injury to her physical and emotional health and welfare; she has sustained private and public humiliation, and she has otherwise suffered the damages described previously herein.

29. As a result of the aforesaid, Plaintiff has sustained damages, and is entitled to recover damages, in excess of Twenty-Five Thousand Dollars ($25,000.00) from Defendant.

5

## THIRD CLAIM FOR RELIEF
## PUNITIVE DAMAGES

30. All preceding paragraphs are hereby realleged as though fully set forth herein.

31. Defendants' acts described herein – not only the affair, but her comments regarding her intent to continue "wrecking" Plaintiff's family, and her comments about not using a condom when having sex with Plaintiff's Husband, references to Plaintiff's "laughable" and "imaginary" marriage – were intentional and malicious, they were willful and wanton, and they document a reckless and callous disregard for Plaintiff's rights and the emotional injuries Defendant was inflicting on Plaintiff.

32. As a result of the aforesaid, Plaintiff is entitled to recover punitive damages from Defendant, in an amount to be set by a jury.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT AND/OR INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

33. All preceding paragraphs are hereby realleged as though fully set forth herein.

34. Plaintiff pleads, in the alternative, that *either*:

   a. Defendant's extreme and outrageous conduct was either intended to cause severe emotional distress, or Defendant manifested a reckless indifference to the likelihood that her conduct described herein would cause Plaintiff to suffer severe emotional distress; *or*

   b. It was reasonably foreseeable to Defendant that her conduct would cause Plaintiff to suffer severe emotional distress.

35. In either event, Defendant's actions did in fact cause Plaintiff to suffer severe emotional distress, and great mental anguish, such that she had suicidal thoughts, she was diagnosed with and treated for infidelity-induced post-traumatic stress disorder ("PTSD") and she

6

sustained other medically documented emotional harm. Plaintiff also lost a great deal of weight and moved in with a friend for support. The emotional impact of Defendant's actions – not limited to the affair, but in essence taunting the Plaintiff with her comments and actions – have been emotionally devastating to the Plaintiff.

36. Plaintiff has been harmed by Defendant's actions in an amount that is frankly difficult to quantify, but which is reasonably believed to be in excess of Twenty-Five Thousand Dollars ($25,000.00), and Plaintiff is entitled to recover damages from the Defendant in a like amount.

## FIFTH CLAIM FOR RELIEF
## LIBEL AND SLANDER

37. All preceding paragraphs are hereby realleged as though fully set forth herein.

38. Defendant's action, on July 30, 2020, sending a text message to her husband in which she falsely accused Plaintiff of having had an extramarital affair with Matthew Pulley, was libelous *per se*.

39. Upon information and belief, Defendant has also engaged in a broadside of slanderous comments (verbally) and libelous (via text messages and other written formats) statements regarding alleged, and wholly fictitious, affairs Plaintiff had while married to her Husband and other lies. Upon information and belief, these lies were told to a number of third parties, including Defendant's husband, Plaintiff's Husband, Husband's (and Plaintiff's, via marriage) family members and family friends.

40. These false and defamatory accusations by Defendant regarding Plaintiff have been harmful to the Plaintiff, they have contributed significantly to Plaintiff's mental anguish, and Plaintiff has been damaged thereby.

7

41. As a result of the aforesaid, Plaintiff is entitled to recover damages from Defendant in an amount to be determined by a jury for Defendant's defamation of Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

A. Have a trial by jury on all issues so triable.

B. Enter judgment in favor of the Plaintiff and against the Defendant, for compensatory and punitive damages;

C. Tax the costs of this action, including Plaintiff's attorney fees, against the Defendant; and

D. Grant the Plaintiff such other and further relief as the court deems just and proper.

This the 15th day of December 2020.

By: _____
Nathaniel C. Smith
State Bar No. 20133
nsmith@bhspa.com

By: _____
John G. Miskey, IV
State Bar No. 34862
jmiskey@bhspa.com

BAGWELL HOLT SMITH P. A.
Attorneys for Plaintiff
111 Cloister Ct., Suite 200
Chapel Hill, NC 27514
PH: (919) 401-0062
FAX: (919) 403-0063