IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHEUNG-WAH SHUEN, a/k/a JULIA SHUEN, Plaintiff, | ) ) ) ) ) | Civil Action No.: 1:21-CV-39-TDS-JEP |
| v. | ) ) | **PLAINTIFF'S RESPONSE TO MOTION FOR MORE** |
| SATARUPA ROY, a/k/a RUPA ROY, Defendant. | ) ) ) ) | **DEFINITE STATEMENT** |

NOW COMES Plaintiff, by and through undersigned counsel, and responds to the Defendant's motion for more definite statement as follows:

1. Plaintiff agrees that additional factual details would be helpful to both the Court and the parties in parsing out the jurisdictional basis for the alienation of affection claim.

2. Toward that end, Plaintiff states the following:

   a. In December 2019, Plaintiff and her Husband were residing in the State of New York, though both had grown up in North Carolina and they had recently (2018-2019) lived in North Carolina.

   b. In January 2020, Plaintiff and her Husband returned to North Carolina for about a week, and stayed with family. During this visit, they discussed the feasibility of permanently returning to North Carolina in the coming months.

1

c. In or about May 2020, Plaintiff and her Husband made the decision to return to North Carolina over the next month or so.

d. Plaintiff and the children arrived in Chapel Hill on or about June 22, 2020. Plaintiff rented a residence there, in anticipation of her Husband joining them in July.

e. Plaintiff's Husband arrived in Chapel Hill in or about the second week of July, 2020 and moved in with Plaintiff and their children. Upon information and belief, it was Husband's intent at that time to remain in North Carolina as a resident from then on.

f. Plaintiff has resided in North Carolina since she arrived in June 2020. Upon information and belief, Plaintiff's Husband has been a resident of North Carolina from and after the time he arrived in July 2020, and he is currently a North Carolina resident.

g. Plaintiff contends that during the summer of 2020, Plaintiff's Husband expressed a clear desire to heal their marriage and continue as a family. He was trying to "win her back." There were numerous text messages in July/Aug 2020 where they expressed love for one another. Plaintiff's Husband also submitted applications with the Plaintiff for apartments in Chapel Hill during this timeframe.

h. Plaintiff and her Husband separated in August, 2020, after Defendant sent the text referenced in Par. 22 of the complaint.

3. Upon information and belief, Defendant's relentless pursuit of Plaintiff's Husband continued without letup from their initial contact in Charlotte, NC in December 2019, and continued through Plaintiff and her Husband moving back to North Carolina in the summer of 2020, and through the date of separation in late August of 2020.

4. Furthermore, upon information and belief, Defendant's acts referenced in the complaint – including "engaging in an ongoing series of communications . . . via in-person discussions, phone, text, and/or email, both within and without North Carolina . . . having and/or planning sexual liaisons . . . in . . . North Carolina and elsewhere . . . ." continued through the date of separation in August 2020, regardless of where Plaintiff and/or her Husband were living. These repeated phone and text contacts occurred while Plaintiff's Husband was physically present in North Carolina, in July 2020.

5. In the text message attached as Exh. 1, Defendant admitted, on July 30, 2020, that she had been talking with Plaintiff's husband "everyday evening/night for months now." This would necessarily include the weeks that Plaintiff's Husband was living in North Carolina in July 2020.

6. Defendant followed that admission by stating "[Plaintiff's Husband] even has a separate phone that not many are aware of." Exh. 1.

3

7. As additional detail regarding the ongoing and intentional acts of the Defendant in her scheme to alienate the affections of Plaintiff's Husband, upon information and belief Defendant engaged in the following acts, both while Plaintiff and her Husband were residents of North Carolina and prior:

   a. She stalked Plaintiff's Instagram account;

   b. She began copying Plaintiff's actions – in her clothing, in the design and layout of her bedroom and otherwise; she started baking bread, she started using the same skincare products as Plaintiff; and

   c. She otherwise began behaving in ways designed to cause Plaintiff's Husband to transfer his affections from Plaintiff to Defendant.

8. Plaintiff disputes Par. 7 of Defendant's (unverified) "Declaration" (Exh. 1 to Defendant's motion) to the extent that it implies (without explicitly stating) that Plaintiff's Husband ("Williford") was a citizen and resident of Manhattan, NY through at least the end of August 2020. That is simply false.

9. Plaintiff would be happy to add such further factual detail as the Court deems necessary.

Respectfully submitted this the 7th day of February, 2021.

                        BAGWELL HOLT SMITH P. A.

                    By:/s/ *Nathaniel C. Smith*
                        Nathaniel C. Smith
                        State Bar No. 20133
                        111 Cloister Ct., Suite 200
                        Chapel Hill, NC 27514
                        PH: (919) 401-0062
                        FAX: (919) 403-0063
                        Email: nsmith@bhspa.com

5

Case 1:21-cv-00039-TDS-JEP   Document 12   Filed 02/07/21   Page 5 of 8

# CERTIFICATE OF SERVICE

It is hereby certified that **Plaintiff's Response to Defendant's Motion for a More Definite Statement**, together with Exh. 1 to said Response, was caused to be served on counsel named below, by depositing a copy in a postage-paid envelope, and delivering it into the custody of the U.S. Postal Service, with a courtesy copy being sent by email, both addressed as follows:

Christian E. Dysart
Geoffrey Ryan Willis
M. Linsay Boyce
Dysart Willis Houchin & Hubbard
530 Hillsborough St., Ste. 200
Raleigh, NC 27603
Email: ryan@dysartwillis.com
       christian@dysartwillis.com
       linsay@dysartwillis.com

*Attorneys for Defendant*

/s/ *Nathaniel C. Smith*
Nathaniel C. Smith
State Bar No. 20133
BAGWELL HOLT SMITH P.A.
111 Cloister Ct., Suite 200
Chapel Hill, NC 27514
PH: (919) 401-0062
FAX: (919) 403-0063
Email: nsmith@bhspa.com

# Exhibit 1

**(No subject)**

A lot of discussions are going on and I know for a fact that I have not manipulated anyone into anything, so it's important that few facts be known to all:

Mete is a 36 year old man and no one can brainwash him into anything. He pursued me then and he pursues me now and I let him because I am equally attracted to him, it's MUTUAL.
He self invited himself in Charlotte as well as in NY. Lets get that straight. And no we never used condoms which I see is a big discussion point.
Mete and I have been talking everyday evening/ night for months now not just that one Saturday.
Mete even has a separate phone that not many are aware of.
Mete is a very smart and intelligent professional and doesn't need to flirt with women to get ahead. He is a senior member of our team and well respected. He does not need to resort to any antics to get promoted. So saying he did what he did for work benefits is beyond ridiculous, especially I am his peer not boss.
Mete has told me many times that he still cares for Julia but he doesn't see himself ever going back to her, especially since she's been forcing him to give up his job and move to some remote place in NC.
Julia can continue with her imaginary marriage and love, send those text messages to our work and do her

8